Devin Sreecharana, Esq. (AZ Bar No. 029057)
Andrew S. Lishko, Esq. (AZ Bar No. 033136)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 N. Central Avenue, Suite 2200
Phoenix, AZ  85004-0022
Telephone:  (602)252-1900
Facsimile:   (602)252-1114
Email: devin@maypotenza.com
Email: alishko@maypotenza.com
Attorneys for Defendant TruWest Credit Union

# IN THE UNITED STATE DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linnea M. Gashi-Doberdoli,<br><br>                   Plaintiff,<br>vs.<br><br>DT Automotive Center, Inc. dba Desert Toyota Of Tucson; Truwest Credit Union; America First Credit Union, Tucson Federal Credit Union; Experian Information Solutions, Inc.; Transunion, Llc,<br><br>                   Defendants. | Case No.: 4:18-CV-483-RM<br><br>**TRUWEST CREDIT UNION'S<br>ANSWER TO COMPLAINT**<br><br>(Assigned to the<br>Honorable Rosemary Marquez) |

Defendant TruWest Credit Union ("<u>TruWest</u>"), by and through undersigned counsel, for their Answer to the Complaint filed by Plaintiff Linnea M. Gashi-Doberdoli ("Plaintiff") admits, denies and affirmatively alleges as follows:

## I.  <u>PRELIMINARY STATEMENT</u>

1.      In response to the allegations set forth in paragraph 1, TruWest denies it failed to comply with the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691(d), and its implementing regulations. TruWest further denies it violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et. seq.* or the Arizona Consumer Fraud Act. TruWest denies any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      In response to the allegations set forth in paragraph 2, TruWest denies it was involved in any alleged deceitful or improper financing arrangement involving Plaintiff. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations contained in paragraph 2 and therefore denies the same.

3.      In response to the allegations set forth in paragraph 3, TruWest admits that it is the vehicle loan assignee, and that it received a credit application from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations contained in paragraph 3 and therefore denies the same.

4.      In response to the allegations set forth in paragraph 4, TruWest is without sufficient information, knowledge, or belief as to the truth of the allegations contained therein and therefore denies the same.

5.      In response to the allegations set forth in paragraph 5, TruWest denies those allegations.

6.      In response to the allegations set forth in paragraph 6, TruWest is without sufficient information, knowledge, or belief as to the truth of the allegations therein and therefore denies the same.

7.      In response to the allegations set forth in paragraph 7, TruWest denies that it took an adverse action, violated Plaintiff's rights, or that it otherwise violated the ECOA or FCRA. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations in paragraph 7 and therefore denies the same.

## II. **JURISDICTION**

8.      In response to the allegations set forth in paragraph 8, TruWest admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, but TruWest denies this Court has subject matter jurisdiction as to Plaintiff's claims against TruWest because Plaintiff agreed to arbitrate all such claims.

9.      In response to the allegations set forth in paragraph 9, TruWest admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but TruWest denies this Court has subject matter jurisdiction as to Plaintiff's claims against TruWest because Plaintiff agreed to arbitrate all such claims.

## III.    **VENUE & INTRA-DISTRICT AGREEMENT**

10.     In response to the allegations set forth in paragraph 10, TruWest denies that venue is proper as to claims against it because Plaintiff agreed to arbitrate all such claims.

11.　　In response to the allegations set forth in paragraph 11, TruWest denies it committed any wrongful conduct against Plaintiff from which a valid cause of action can arise. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

## IV. <u>THE PARTIES</u>

12.　　In response to the allegations set forth in paragraph 12, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

13.　　In response to the allegations set forth in paragraph 13, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

14.　　In response to the allegations set forth in paragraph 14, TruWest asserts that the allegations are legal conclusions for which no response is required. Further, Plaintiff has not brought any claims against TruWest under the Arizona Consumer Fraud Act, and therefore no response is required. To the extent a response is required, TruWest admits that it is a domestic credit union and a "person" under the Arizona Consumer Fraud Act. TruWest denies it is a "creditor" within the meaning of the ECOA, and denies any remaining allegations in paragraph 14.

15.　　In response to the allegations set forth in paragraph 15, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

16.　　In response to the allegations set forth in paragraph 16, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

17.　　In response to the allegations set forth in paragraph 17, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

18.　　In response to the allegations set forth in paragraph 18, TruWest is without

sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

19.     In response to the allegations set forth in paragraph 19, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

20.     In response to the allegations set forth in paragraph 20, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

### V. <u>GENERAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

21.     In response to the allegations set forth in paragraph 21, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

22.     In response to the allegations set forth in paragraph 22, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

23.     In response to the allegations set forth in paragraph 23, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

24.     In response to the allegations set forth in paragraph 24, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

25.     In response to the allegations set forth in paragraph 25, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

26.     In response to the allegations set forth in paragraph 26, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

27.     In response to the allegations set forth in paragraph 27, TruWest is without

sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

28.     In response to the allegations set forth in paragraph 28, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

29.     In response to the allegations set forth in paragraph 29, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

30.     In response to the allegations set forth in paragraph 30, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

31.     In response to the allegations set forth in paragraph 31, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

32.     In response to the allegations set forth in paragraph 32, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

33.     In response to the allegations set forth in paragraph 33, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

34.     In response to the allegations set forth in paragraph 34, TruWest admits the allegations contained therein.

35.     In response to the allegations set forth in paragraph 35, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

36.     In response to the allegations set forth in paragraph 36, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

37.   In response to the allegations set forth in paragraph 37, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

38.   In response to the allegations set forth in paragraph 37, TruWest responds that the documents speak for themselves.

39.   In response to the allegations set forth in paragraph 37, TruWest responds that the documents speak for themselves.

40.   In response to the allegations set forth in paragraph 40, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

41.   In response to the allegations set forth in paragraph 41, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

42.   In response to the allegations set forth in paragraph 42, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

43.   In response to the allegations set forth in paragraph 43, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

44.   In response to the allegations set forth in paragraph 44, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

45.   In response to the allegations set forth in paragraph 45, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

46.   In response to the allegations set forth in paragraph 46, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

47.     In response to the allegations set forth in paragraph 47, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

48.     In response to the allegations set forth in paragraph 48, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

49.     In response to the allegations set forth in paragraph 49, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

50.     In response to the allegations set forth in paragraph 50, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

51.     In response to the allegations set forth in paragraph 51, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

52.     In response to the allegations set forth in paragraph 52, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

53.     In response to the allegations set forth in paragraph 53, TruWest responds that the documents speak for themselves. TruWest denies the remaining allegations contained therein.

54.     In response to the allegations set forth in paragraph 54, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

55.     In response to the allegations set forth in paragraph 55, TruWest the allegations contained therein.

56.     In response to the allegations set forth in paragraph 56, TruWest admits that during the phone call between its representative and Plaintiff, the TruWest representative and

Plaintiff discussed information submitted on the credit application TruWest received from Defendant DT Automotive Center dba Desert Toyota of Tucson ("Desert Toyota"). TruWest denies the remaining allegations provided in paragraph 56. TruWest affirmatively alleges the purpose of the call was not to discuss the credit application.

57.    In response to the allegations set forth in paragraph 57, TruWest admits that during the phone call between its representative and Plaintiff, the TruWest representative and Plaintiff discussed that the information provided by Plaintiff did not match the information listed in the credit application TruWest received from Desert Toyota. TruWest denies the remaining allegations provided in paragraph 57.

58.    In response to the allegations set forth in paragraph 58, TruWest admits that during the phone call between its representative and Plaintiff, TruWest and Plaintiff discussed the information stated on the credit application. TruWest further responds that the document speaks for itself. TruWest denies the remaining allegations contained therein.

59.    In response to the allegations set forth in paragraph 59, TruWest admits that during the phone call between its representative and Plaintiff, Plaintiff stated she was not married. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations in paragraph 59, and therefore denies the same.

60.    In response to the allegations set forth in paragraph 60, TruWest admits that during the phone call between its representative and Plaintiff, Plaintiff stated she owned her own home, that she provided pay stubs to Desert Toyota, and that the information TruWest received from Desert Toyota was false. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

61.    In response to the allegations set forth in paragraph 61, TruWest admits that during phone calls with Plaintiff, a TruWest representative indicated a TruWest representative would speak with Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

62.    In response to the allegations set forth in paragraph 62, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore

denies the same.

63.    In response to the allegations set forth in paragraph 63, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

64.    In response to the allegations set forth in paragraph 64, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

65.    In response to the allegations set forth in paragraph 65, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

66.    In response to the allegations set forth in paragraph 66, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

67.    In response to the allegations set forth in paragraph 67, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

68.    In response to the allegations set forth in paragraph 68, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

69.    In response to the allegations set forth in paragraph 69, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

70.    In response to the allegations set forth in paragraph 70, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

71.    In response to the allegations set forth in paragraph 71, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

72.     In response to the allegations set forth in paragraph 72, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

73.     In response to the allegations set forth in paragraph 73, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

74.     In response to the allegations set forth in paragraph 74, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

75.     In response to the allegations set forth in paragraph 75, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

76.     In response to the allegations set forth in paragraph 76, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

77.     In response to the allegations set forth in paragraph 77, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

78.     In response to the allegations set forth in paragraph 78, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

79.     In response to the allegations set forth in paragraph 79, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

80.     In response to the allegations set forth in paragraph 80, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

81.     In response to the allegations set forth in paragraph 81, TruWest admits that it

provided Plaintiff with a copy of the credit application that it received from Desert Toyota. TruWest denies the remaining allegations in paragraph 81.

82.     In response to the allegations set forth in paragraph 82, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

83.     In response to the allegations set forth in paragraph 83, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

84.     In response to the allegations set forth in paragraph 84, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same

85.     In response to the allegations set forth in paragraph 85, TruWest admits that on or about December 14, 2017 Plaintiff alleged the information in the credit application, which TruWest received from Desert Toyota, was false. TruWest admits that subsequent to the December 14, 2017 conversation, Plaintiff alleged she did not sign the credit application. TruWest denies the remaining allegations in paragraph 85.

86.     In response to the allegations set forth in paragraph 86, TruWest admits that it provided Plaintiff a copy of the credit application it received from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

87.     In response to the allegations set forth in paragraph 87, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

## **DEFENDANT CREDITOR INQUIRIES**

88.     In response to the allegations set forth in paragraph 88, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

89.     In response to the allegations set forth in paragraph 89, TruWest is without

sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

90.     In response to the allegations set forth in paragraph 90, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

91.     In response to the allegations set forth in paragraph 91, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

92.     In response to the allegations set forth in paragraph 92, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

93.     In response to the allegations set forth in paragraph 93, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

94.     In response to the allegations set forth in paragraph 94, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

95.     In response to the allegations set forth in paragraph 95, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

96.     In response to the allegations set forth in paragraph 96, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

97.     In response to the allegations set forth in paragraph 97, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

98.     In response to the allegations set forth in paragraph 98, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore

denies the same.

99.    In response to the allegations set forth in paragraph 99, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

100.    In response to the allegations set forth in paragraph 100, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

## DEFENDANT TRUWEST CREDIT UNION CREDIT INQUIRY AND CREDIT EXTENSION

101.    In response to the allegations set forth in paragraph 101, TruWest admits these allegations.

102.    In response to the allegations set forth in paragraph 102, TruWest admits that it requested Plaintiff's credit history on or about December 8, 2017. TruWest denies the remaining allegations in paragraph 102.

103.    In response to the allegations set forth in paragraph 103, TruWest responds that the document speaks for itself. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

104.    In response to the allegations set forth in paragraph 104, TruWest responds that the document speaks for itself. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

105.    In response to the allegations set forth in paragraph 105, TruWest admits it provided to Plaintiff a "Law Contract Addendum" dated December 8, 2017, which it received from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

106.    In response to the allegations set forth in paragraph 106, TruWest admits that it provided to Plaintiff a credit application, which TruWest received from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

107.   In response to the allegations set forth in paragraph 107, TruWest is without sufficient information, knowledge, or belief as to the truth of the allegations contained therein, and therefore denies the same.

108.   In response to the allegations set forth in paragraph 108, TruWest admits that it did not provide Plaintiff with an adverse action notice. TruWest denies the remaining allegations in paragraph 108, and that it had any legal obligation to provide Plaintiff an adverse action notice or that it otherwise acted unlawfully.

109.   In response to the allegations set forth in paragraph 109, TruWest admits that it did not provide Plaintiff an adverse action notice. TruWest denies the remaining allegations in paragraph 109, and that it had any legal obligation to provide Plaintiff an adverse action notice or otherwise acted unlawfully.

110.   In response to the allegations set forth in paragraph 110, TruWest denies that it lacked a permissible purpose to receive a consumer report about Plaintiff. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations contained therein, and therefore denies the same.

**COUNT I: Violation for the Federal Equal Credit Opportunity Act**
**15 U.S.C. §1691(d)**
**(Desert Toyota, Tucson Federal Credit Union,**
**American First Credit Union, TruWest Credit Union)**

111.   In response to the allegations set forth in paragraph 111, TruWest incorporates and reasserts its previous responses to the foregoing allegations as if fully set forth herein.

112.   In response to the allegations set forth in paragraph 112, TruWest responds that these are legal conclusions which require no response. To the extent that a response is necessary, TruWest denies that it acted unlawfully or in violation of ECOA 15 U.S.C. § 1691(d). TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

113.   In response to the allegations set forth in paragraph 113, TruWest denies the allegations to the extent they assert any illegal, improper, or wrongful conduct by TruWest. TruWest is without sufficient information, knowledge, or belief as to the truth of the

14

remaining allegations, and therefore denies the same.

114.   In response to the allegations set forth in paragraph 114, TruWest denies the allegations to the extent they assert Plaintiff is entitled to recover any damages of any kind from TruWest. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

115.   In response to the allegations set forth in paragraph 115, TruWest admits that it did not provide Plaintiff an adverse action notice, but denies that it had any legal obligation to provide Plaintiff an adverse action notice or otherwise acted unlawfully. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations relating to the conduct of other defendants, and therefore denies the same.

**COUNT II: Violation for the Federal Equal Credit Opportunity Act**
**15 U.S.C. §1691(a)(1)**
**(Desert Toyota)**

116.   In response to the allegations set forth in paragraph 116, TruWest incorporates and reasserts its previous responses to the foregoing allegations as if fully set forth herein.

117.   In response to the allegations set forth in paragraph 117, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

118.   In response to the allegations set forth in paragraph 118, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

119.   In response to the allegations set forth in paragraph 119, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

120.   In response to the allegations set forth in paragraph 120, TruWest denies the allegations to the extent they assert Plaintiff is entitled to recover any damages of any kind

from TruWest. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

## COUNT III: Violation for the Federal Equal Credit Opportunity Act
### 16 U.S.C. §1691b(f)
### (Desert Toyota, Tucson Federal Credit Union,
### American First Credit Union, TruWest Credit Union)

121.   In response to the allegations set forth in paragraph 121, TruWest incorporates and reasserts its previous responses to the foregoing allegations as if fully set forth herein.

122.   In response to the allegations set forth in paragraph 122, TruWest responds that these are legal conclusions which require no response. To the extent a response is required, TruWest denies that it acted unlawfully or in violation of the FCRA, 15 U.S.C. § 1681b(f). TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

123.   In response to the allegations set forth in paragraph 123, TruWest responds that it is without sufficient information, knowledge, or belief as to the as to the truth of the allegations, and therefore denies the same.

124.   In response to the allegations set forth in paragraph 124, TruWest responds that these are legal conclusions which require no response. To the extent a response is required, TruWest denies that it engaged in any unlawful conduct. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

125.   In response to the allegations set forth in paragraph 125, TruWest responds that these are legal conclusions which require no response. To the extent a response is required, TruWest denies that it engaged in any unlawful conduct. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

126.   In response to the allegations set forth in paragraph 126, TruWest admits that it received a credit application from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as it relates to the remaining allegations, and therefore denies the same.

127.    In response to the allegations set forth in paragraph 127, TruWest denies the allegations contained therein. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as to the truth of the allegations contained therein, and therefore denies the same.

128.    In response to the allegations set forth in paragraph 128, TruWest denies the allegations contained therein. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as it relates to the truth of the allegations relating to the conduct of other defendants, and therefore denies the same.

129.    In response to the allegations set forth in paragraph 129, TruWest denies the allegations contained therein. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as it relates to the truth of the allegations relating to the conduct of other defendants, and therefore denies the same.

130.    In response to the allegations set forth in paragraph 130, TruWest responds that this is a legal conclusion which requires no response. To the extent a response is necessary, TruWest denies the allegations contained therein. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

131.    In response to the allegations set forth in paragraph 131, TruWest responds that this is a legal conclusion which requires no response. To the extent a response is necessary TruWest denies that Plaintiff is entitled to any damages from TruWest. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

**COUNT IV: Violation of the Arizona Consumer Fraud Act**
**A.R.S. §§ 44-1521 to 44-1534**
**(Desert Toyota)**

132.    In response to the allegations set forth in paragraph 132, TruWest incorporates and reasserts its responses to the foregoing allegations as if fully set forth herein.

133.    In response to the allegations set forth in paragraph 133, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To

the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

134.   In response to the allegations set forth in paragraph 134, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

135.   In response to the allegations set forth in paragraph 135, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

136.   In response to the allegations set forth in paragraph 136, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

137.   In response to the allegations set forth in paragraph 137, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

138.   In response to the allegations set forth in paragraph 138, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

139.   In response to the allegations set forth in paragraph 139, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

140.   In response to the allegations set forth in paragraph 140, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To

the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

141.   In response to the allegations set forth in paragraph 141, TruWest admits that it provided Plaintiff a copy of the credit application TruWest received from Desert Toyota. TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

142.   In response to the allegations set forth in paragraph 142, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

143.   In response to the allegations set forth in paragraph 143, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

144.   In response to the allegations set forth in paragraph 144, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

145.   In response to the allegations set forth in paragraph 145, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

146.   In response to the allegations set forth in paragraph 146, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

147.   In response to the allegations set forth in paragraph 147, TruWest denies the allegations to the extent they assert Plaintiff is entitled to recover any damages of any kind

from TruWest. With regard to the other Defendants, TruWest is without sufficient information, knowledge, or belief as to the truth of the remaining allegations, and therefore denies the same.

### COUNT V: Violation for the Federal Fair Credit Reporting Act
### 15 U.S.C. §1681e(a)
### (Experian)

148.    In response to the allegations set forth in paragraph 148, TruWest incorporates and reasserts its responses to the foregoing allegations as if fully set forth herein.

149.    In response to the allegations set forth in paragraph 149, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

150.    In response to the allegations set forth in paragraph 150, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

151.    In response to the allegations set forth in paragraph 151, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

152.    In response to the allegations set forth in paragraph 152, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

### COUNT VI: Violation for the Federal Fair Credit Reporting Act
### 15 U.S.C. §1681e(a)
### (TransUnion)

153.    In response to the allegations set forth in paragraph 153, TruWest incorporates and reasserts its responses to the foregoing allegations as if fully set forth herein.

154.   In response to the allegations set forth in paragraph 154, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

155.   In response to the allegations set forth in paragraph 155, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

156.   In response to the allegations set forth in paragraph 156, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

157.   In response to the allegations set forth in paragraph 157, TruWest responds that the allegations refer to parties other than TruWest and therefore do not require a response. To the extent a response is required, TruWest is without sufficient information, knowledge, or belief as to the truth of these allegations and therefore denies the same.

## AFFIRMATIVE DEFENSES

TruWest affirmatively states the following avoidance or affirmative defenses:

1.   TruWest denies each and every allegation of Plaintiff's Complaint not expressly admitted herein.

2.    Plaintiff's claims against TruWest may be barred, in whole or in part, by estoppel, waiver, unclean hands, and laches.

3.   Plaintiff's claims against TruWest are barred because Plaintiff incurred no damages and, therefore, has no causes of action against TruWest.

4.   Plaintiff's claims against TruWest are barred because Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

5.   Plaintiff's claims against TruWest are barred because Plaintiff has failed to mitigate her alleged damages, if any, in a reasonable manner.

6.     Plaintiff's Complaint fails to state a claim against TruWest under either the ECOA or FCRA against TruWest.

7.     TruWest is not a "creditor" under the ECOA.

8.     TruWest took no adverse action with respect to Plaintiff under the ECOA or FCRA.

9.     TruWest had a proper certification and permissible purpose to make inquiry of Plaintiff's credit under the FCRA.

10.     TruWest took no discriminatory action against Plaintiff in violation of the ECOA.

11.     TruWest did not fail to provide any required notices or notifications of its actions to Plaintiff under the ECOA or the FCRA.

12.     TruWest reasonably relied that Plaintiff's credit application and relevant credit transaction forms were actually signed by Plaintiff and complied with all federal, state, and local laws and regulation's including, but not limited to, the ECOA and FCRA.

13.     TruWest reasonably relied that Plaintiff's credit application authorized it to receive credit reports regarding Plaintiff.

14.     TruWest reasonably relied on Desert Toyota to provide accurate information relating to Plaintiff and her credit application.

15.     Upon information and belief, there may be non-parties at fault who will be identified in accordance with applicable law and procedural rules.

16.     Plaintiff failed to exhaust her administrative remedies prior to seeking judicial relief through this action.

17.     This Court lacks subject matter jurisdiction over this action and this Court provides an improper venue for this action because Plaintiff contractually agreed to arbitrate any claims against TruWest.

18.     TruWest reserves all rights to assert claims against Defendants in this action, including but not limited to indemnification.

19.     TruWest reserves the right to amend its Answer and plead any and all additional

affirmative defenses, including those enumerated in Rules 8(c) or 12(b), Federal Rules of Civil Procedure, as may be justified by evidence produced through disclosure and discovery.

20.     TruWest is entitled to the recovery of its costs incurred and expended herein pursuant to 15 U.S.C. § 1681 and. A.R.S. § 12-341.

21.     TruWest is entitled to such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, TruWest, having fully answered Plaintiff's Complaint, respectfully requests this Court enter judgment in its favor and against Plaintiff as follows:

A. Dismissing the Complaint, and Plaintiff taking nothing thereby;

B. Granting TruWest judgment against Plaintiff, together with an award of its costs incurred in defending this action pursuant to 15 U.S.C. § 1681, A.R.S. § 12-341, and any other applicable statute or law; and,

C. Awarding TruWest such other and further relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 2nd day of November, 2018.

MAY, POTENZA, BARAN & GILLESPIE, P.C.

/s/ _Andrew S. Lishko, Esq._
Devin Sreecharana, Esq.
Andrew S. Lishko, Esq.
Attorneys for Defendant

1

2

3

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

7

8

Christine Anderson Ferraris
A. Ferraris Law, P.L.L.C.
333 N. Wilmot, Suite 340
Tucson, Arizona 85711
*Attorney for Plaintiff*

9

10

11

12

Susan M. Rotkis
Consumer Litigation Associates West PLLC
382 South Convent Avenue
Tucson, AZ 85701
*Attorney for Plaintiff*

13

14

15

16

Jonathan Adam Dessaules
Dessaules Law Group
5353 N. 16th Street, Suite 110
Phoenix, AZ  85016
*Attorney for Defendant Experian Information Solutions Inc.*

17

18

19

20

John Neil Stuart
Cohen Dowd Quigley PC
Camelback Esplanade 1
2425 E. Camelback Road, Suite 1100
Phoenix AZ  85016
*Attorney for Defendant TransUnion LLC*

21

22

23

24

Benjamin John Branson
Timothy R. Hyland
The Cavanagh Law Firm
1850 N. Central Avenue, Suite 2400
Phoenix, AZ  85004
*Attorneys for Defendant American First Credit Union*

25

26

27

28

Christopher Kyutaek Heo
Jones Skelton & Hochuli PLC
40 N Central Ave., Ste. 2700
Phoenix, AZ 85004
*Attorney for Defendant DT Automotive Center Inc.*

24

1

David L O'Daniel
Gordon & Rees LLP
111 W Monroe St., Ste. 1600
Phoenix, AZ 85003
*Attorney for Defendant Tucson Credit Union*

2

3

4

5

/s/ *Renee Gonzales*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28