IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linnea M Gashi-Doberdoli, | No. CV-18-00483-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| DT Automotive Center Incorporated, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Pretrial Scheduling Conference is set for **January 18, 2019, at 10:00 a.m.**, before Lorenzo Morales, law clerk to the Honorable Rosemary Márquez, at (520) 205-4621. The conference shall be initiated by Plaintiff, with all appropriate parties on the line. In preparation for this Scheduling Conference,

**IT IS HEREBY ORDERED:**

The parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

The parties are directed to confer at least 21 days before the conference, in accordance with Fed. R. Civ. P. 26(f), to discuss the following matters:

    A.    The possibility of consent to a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for

referral of this matter for alternative dispute resolution, or the referral of this matter to a special master;

B. Any matters relating to jurisdiction, venue, or the joinder of additional parties;

C. The nature and bases of the parties' claims and defenses and the possibilities for a prompt settlement or resolution of the case;

D. A schedule of all pre-trial proceedings;

E. Modification of pre-trial procedures based on the simplicity or complexity of the case;

F. Arrangements for Initial Disclosures in compliance with Fed. R. Civ. P. 26(a)(1);

G. Development of a proposed discovery plan, including the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; and

H. Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that counsel shall file with the Court, on or before **January 11, 2019**, a Joint Report reflecting the results of their meeting and outlining their discovery plan. It is the responsibility of Plaintiff's counsel to initiate the communication necessary to prepare the Joint Report. Willful failure to comply may result in the imposition of sanctions. The report shall include brief, individually numbered statements indicating:

1. The nature of the case, setting forth in brief statements the factual and legal bases for Plaintiff's claims and Defendant's defenses, and the relief sought;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail.

The list of the elements of proof must contain citations to relevant legal authority (*i.e.*, United States statutory and/or administrative law, United States Supreme Court case law, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts of law rules);

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motion;

4. The jurisdictional basis for the case, citing specific jurisdictional statutes, and whether jurisdiction is disputed;

5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions, and the legal issues about which any pretrial motions are contemplated;

8. Whether the parties anticipate filing cross-motions for summary judgment and, if so, whether it is feasible to adopt an abbreviated briefing schedule consisting of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply and (4) a reply to cross-motion. If an abbreviated briefing schedule is feasible, the parties should propose page limitations and filing deadlines for each brief;

9. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;

10. The status of related cases pending before other judges of this court or before other courts and whether it is appropriate for any matters to be

consolidated pursuant to Rule 42.1(a) of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv");

11. Any proposed changes in the timing, form, or requirements for Initial Disclosures under Fed. R. Civ. P. 26(a)(1), and any objection to Initial Disclosures;

12. Suggested changes, if any, to the limitations on discovery imposed by the Federal Rules of Civil Procedure;

13. The scope, nature, and location of discovery anticipated by the parties, including when discovery should be completed and whether discovery should be conducted in phases or should be limited to or focused upon particular issues;

14. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

15. A discussion of any issues relating to claims of privilege or work product;

16. What evidentiary hearings, such as *Daubert* hearings, will be required and when such hearings shall be held;

17. The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

18. Whether a jury trial has been requested, whether the request for jury trial is contested, and, if the request is contested, the reasons that a trial by jury is in dispute;

19. The prospects for settlement, including whether the parties wish to have a settlement conference before a Magistrate Judge and whether the parties seek the Court's assistance in facilitating settlement in any other way;

20. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes

|     |     |     |                                                                                               |
| --- | --- | --- | --------------------------------------------------------------------------------------------- |

pursuant to LRCiv. 16.2;

21. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv. 16.2;

22. Any other matters which counsel feel will aid the Court in resolving this dispute in a just, expeditious, and efficient manner; and

23. Proposed deadlines for:
    a. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and pretrial disclosures under Fed. R. Civ. P. 26(a)(3);
    b. Addition of parties or amending pleadings;
    c. Disclosure of expert testimony and rebuttal expert testimony pursuant to Fed. R. Civ. P. 26(a)(2);
    d. Discovery (if the parties believe that discovery will require more than 180 days, counsel must provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary);
    e. Filing dispositive motions;
    f. Filing settlement status reports;
    g. Filing the Joint Proposed Pretrial Order;

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the proposed pre-trial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced and may be modified only for good cause.

. . . .

. . . .

**IT IS FURTHER ORDERED** that all parties are expected to comply with Fed. R. Civ. P. 26, and to minimize the expense of discovery.  Counsel should ensure that all documents filed with the Court comply with LRCiv. 7.1 and 7.2.  Failure to comply with the provisions of this Order may lead to sanctions pursuant to Fed. R. Civ. P. 16(f).

Dated this 26th day of November, 2018.

_____
Honorable Rosemary Márquez
United States District Judge